**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60132-CIV-SMITH**

LOUIS VUITTON MALLETIER,

      Plaintiff,

v.

TOPMALLVIP123, AN INDIVIDUAL,
BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

      Defendant.

_____/

**DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to the Court's Order Granting Renewed Motion for Default Final Judgment [DE 17], and in accordance with Federal Rule of Civil Procedure 58(a), it is hereby,

**ORDERED** that Default Final Judgment is hereby entered in favor of Plaintiff, Louis Vuitton Malletier ("Plaintiff") and against Defendant Topmallvip123, an Individual, Business Entity, or Unincorporated Association ("Defendant"), also identified on Schedule "A" hereto, as follows:

1. Permanent Injunctive Relief. Defendant and its officers, directors, employees, agents, representatives, subsidiaries, distributors, and attorneys, and all persons acting in concert or participation with Defendant are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's trademarks, or any confusingly similar

trademarks identified in Paragraph 14 of the Complaint [DE 1] (the "Louis Vuitton Marks");

b.  using the Louis Vuitton Marks in connection with the sale of any unauthorized goods;

c.  using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d.  falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e.  engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.  using any reproduction, counterfeit, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

g.  affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant as being those of Plaintiff or in any way endorsed by Plaintiff and from offering such goods in commerce;

h.  otherwise unfairly competing with Plaintiff;

i.  using the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source

code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores, seller names, websites, or domain names registered by, owned, or operated by Defendant; and

j.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2.  Additional Equitable Relief:

a.  Upon Plaintiff's request, any Internet marketplace website operators and/or administrators for topmallvip123 (the "E-commerce Store Name") shall permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks via the e-commerce store operating under the E-commerce Store Name, and upon the Plaintiff's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks associated with or linked to the same seller or linked to any other alias e-commerce stores, being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks; and

b.  Upon Plaintiff's request, Defendant shall request in writing, permanent termination of any messaging services, e-commerce store names, usernames,

and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, and/or social media website.

3. Statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1117(c). Plaintiff is awarded damages of $1,000,000.00 against Defendant, for which let execution issue, based upon the Court's finding that Defendant infringed at least one trademark on one type of good. The Court considered both the willfulness of Defendant's conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range of 15 U.S.C. § 1117(c).

4. Pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to immediately (**within five (5) business days**) identify, restrain, and be required to surrender to Plaintiff all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Name including all related e-commerce store names used by Defendant presently or in the future, as well as any other related E-commerce Store Name(s) and account(s) of the same customer(s), and any other account(s) which transfer funds into the same financial institution account(s). Such financial accounts and/or sub-accounts shall remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and their related companies and affiliates, shall provide

4

to Plaintiff at the time any funds are surrendered, a breakdown reflecting the (i) total funds restrained in this matter of Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from Defendant's funds restrained prior to release; and (iii) the total funds released of Defendant to Plaintiff.

5. Interest from the date of this judgment shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6. The Court retains jurisdiction to enforce this Judgment and permanent injunction.

7. Plaintiff is ordered to serve a copy of this Order upon Defendant by (a) providing the address to Plaintiff's designated serving notice website to Defendant via the e-mail accounts provided by Defendant as part of the data related to its e-commerce store, including customer service e-mail address and/or private messaging applications and/or services, or via the designated e-commerce platform for the e-commerce store; and (b) by publicly posting a true and accurate copy of the foregoing on Plaintiff's designated serving notice website appearing at  https://servingnotice.com/Lf1b9y/index.html.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of May, 2026.

 

_____

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record